

U.S. Department of Justice

United States Attorney
District of Connecticut

| | |
|---|---|
| Connecticut Financial Center | (203)821-3700 |
| 157 Church Street New Haven, Connecticut 06510 | Fax (203) 773-5376 |

August 18, 2010

David T. Grudberg, Esq.
William F. Dow III, Esq.
Law Offices of Jacobs, Grudberg, Belt, Dow & Katz, P.C.
350 Orange Street
New Haven, Connecticut 06511-6403

Re:   **United States v. Douglas Perlitz**
      **Criminal No. 3:09CR 207 (JBA)**

Dear Attorneys Grudberg and Dow:

This letter confirms the plea agreement between your client, Douglas Perlitz (the "defendant" or "Perlitz"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the above-referenced criminal matter.

## THE PLEA AND OFFENSE

Defendant Douglas Perlitz agrees to waive his right to be indicted and to plead guilty to a one-count Information charging him with travel with the intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). He understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1. The defendant is a United States citizen;

2. The defendant traveled in foreign commerce;

3. One of the dominant purposes of the travel was to engage in illicit sexual conduct with another person.

For the purposes of this crime, illicit sexual conduct is defined in 18 U.S.C. § 2423(f).

**THE PENALTIES**

This offense carries a maximum penalty of 30 years imprisonment and a $ 250,000 fine. Moreover, any sentence of incarceration under this provision must also include a term of supervised release of at least five years and as much as life. 18 U.S.C. § 3583(k). The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to five years with no credit for time already spent on supervised release. However, if the defendant is required to register under the Sex Offender Registration and Notification Act, and violates a condition of supervised release by committing any felony offense in chapters 109A, 110, 117, or sections 1201 or 1591 of Title 18, United States Code, then the defendant shall be required to serve a term of not less than five years of imprisonment. 18 U.S.C. § 3583(k).

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100. The defendant agrees to pay the special assessment to the Clerk of the Court on the day of sentencing.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

Finally, in addition to the standard conditions of any supervised release, the defendant understands that the Government will request and the Court may order certain additional conditions, as set forth in the attached Rider entitled: Additional Conditions of Supervised Release.

Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by any of the terms set forth in this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

If the defendant accepts the terms of this plea and enters his plea of guilty to the Information on or before August 19, 2010, in accord with this agreement, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, if the defendant enters his plea of guilty on or before August 19, 2010, the Government intends to file a motion with the Court pursuant to § 3E1.1(b) recommending that the Court reduce defendant's adjusted offense level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty.

The above-listed recommendations are conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition through the submission of a complete and truthful financial statement. In addition, the recommendations are conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty. The Government agrees that defendant's admissions in the attached Stipulation of Offense conduct are sufficient to satisfy this condition subject to the following paragraph. The Government reserves its right to raise facts regarding other victims for the purposes of sentencing. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The Government will not make the recommendations if the defendant engages in any acts after pleading guilty which, in the Government's view, (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release.

Moreover, the Government will not make the recommendations if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a Stipulation of Offense Conduct, which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant reserves his right to contest any alleged conduct and characteristics to which he has not stipulated. In turn, the Government reserves its right to present additional information to the Court and to raise facts regarding additional victims for the purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guideline Stipulations and Calculations

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range. The parties also agree that the following base level offense and enhancements apply in this case.

| | |
|---|---|
| U.S.S.G. § 2G1.3 - base level offense | 24 |
| U.S.S.G. §2G1.3(b)(1) - minors were in the custody, care, or supervisory control of the defendant. | +2 |
| U.S.S.G. §2G1.3(b)(4) - commission of sex act, sexual conduct or commercial act. | +2 |
| U.S.S.G. §3D1.4 - grouping more than five victims | +5 |

The parties disagree about the following three enhancements and reserve their right to address the court regarding these enhancements. The Government believes that all three apply. The defendant does not believe that any of the following three enhancements apply.

| | |
|---|---|
| U.S.S.G. §3A1.1(b)(1) - vulnerable victim | +2 |
| U.S.S.G. §2G1.3(b)(3)(B) - use of a computer to entice, encourage, offer or solicit a person to engage in prohibit sexual conduct. | +2 |

-4-

      U.S.S.G. §3C1.1 - obstruction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   +2

    Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I.

**Defendant's Calculation**

    Assuming a three (3) point reduction for acceptance of responsibility from an adjusted offense level of 33, the defendant's Guideline calculation is as follows: A total offense level 30 and a Criminal History Category I, would result in a range of 97 to 121 months of imprisonment (sentencing table) and a fine range of $ 15,000 to $ 150,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of a mandatory minimum of five years and a maximum of up to life. U.S.S.G. § 5D1.2.

**Government's Calculation**

    Assuming a three (3) point reduction for acceptance of responsibility from an adjusted offense level of 39, the Government's Guidelines calculation is as follows: A total offense level 36 and a Criminal History Category I, would result in a range of 188 to 235 months of imprisonment (sentencing table) and a fine range of $ 20,000 to $ 200,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of a mandatory minimum of 5 years and a maximum of up to life. U.S.S.G. § 5D1.2.

<u>Parties' Agreement as to Sentencing Recommendations</u>

    The defendant expressly understands that the Court will determine the sentence in this case and is in no way bound by terms of this agreement or the Guideline ranges specified herein. The parties agree that they will not seek a sentence outside the range of 97 to 235 months of incarceration. In other words, no matter what the Court determines the Guidelines range to be, the defendant will not seek a downward departure or request a non-Guideline sentence of less than 97 months. In turn, no matter what the Court determines the Guidelines range to be, the Government will not seek an upward departure or a non-Guideline sentence above 235 months of incarceration. Both parties reserve their rights to seek departures or request non-Guideline sentences within the 97 to 235 month range. Neither party will suggest that the Probation Department consider a departure or adjustment outside the 97 to 235 months range or suggest that the Court *sua sponte* consider a departure or adjustment outside the 97 to 235 month range.

    The defendant further understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement or outside any of the recommendations to be made by any of the parties regarding the length of defendant's sentence.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Appeal Rights Regarding Sentencing

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Venue and other Constitutional Challenges to the Statute

In light of this Court's ruling that venue for the Second Superseding Indictment is not proper in the District of Connecticut, the defendant understands that by entering a plea to this Information, the defendant is knowingly, intelligently and voluntarily waiving his Constitutional right to a trial by an impartial jury in a particular place or "venue" – namely, in a state and district where the crime was committed. The defendant understands that the Government must prosecute an offense in a district where the offense was committed and that this Court has already determined that the essential conduct elements of the crimes charged did not occur in Connecticut. By entering into this plea agreement, the defendant expressly acknowledges that he is knowingly, intelligently and voluntarily waiving his Constitutional right to be tried in a district or districts where venue is proper; he is knowingly, intelligently and voluntarily waiving his right to be prosecuted and tried in such districts; and he knowingly, intelligently and voluntarily consents to the disposition of this case in the District of Connecticut. Such a waiver of right to be tried in the state and district where a crime was committed is constitutionally permissible. See Singer v. United States, 380 U.S. 24, 35 (1965). Moreover, the defendant had raised other constitutional challenges to 18 U.S.C. § 2423(b), the statute charged in this Information. Defendant understands that by entering into this plea agreement, he is also knowingly, intelligently and voluntarily waiving his right to challenge the constitutionality of that statute.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Venue and other Constitutional Challenges to the Statute

In light of this Court's ruling that venue for the Second Superseding Indictment is not proper in the District of Connecticut, the defendant understands that by entering a plea to this Information, the defendant is knowingly, intelligently and voluntarily waiving his Constitutional right to a trial by an impartial jury in a particular place or "venue" – namely, in a state and district where the crime was committed. The defendant understands that the Government must prosecute an offense in a district where the offense was committed and that this Court has already determined that the essential conduct elements of the crimes charged did not occur in Connecticut. By entering into this plea agreement, the defendant expressly acknowledges that he is knowingly, intelligently and voluntarily waiving his Constitutional right to be tried in a district or districts where venue is proper; he is knowingly, intelligently and voluntarily waiving his right to be prosecuted and tried in such districts; and he knowingly, intelligently and voluntarily consents to the disposition of this case in the District of Connecticut. Such a waiver of right to be tried in the state and district where a crime was committed is constitutionally permissible. See Singer v. United States, 380 U.S. 24, 35 (1965). Moreover, the defendant had raised other constitutional challenges to 18 U.S.C. § 2423(b), the statute charged in this Information. Defendant understands that by entering into this plea agreement, he is also knowingly, intelligently and voluntarily waiving his right to challenge the constitutionality of that statute.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The

defendant further understands that, following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case. Defendant understands that, because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## PREVAILING PARTY

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the United States Attorney's Office for the District of Connecticut, the Eastern District of New York, the District of Colorado, the Southern District of Florida, the Northern District of California and the Eastern District of Michigan, and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved.

**COLLATERAL CONSEQUENCES**

The defendant further understands that he will be adjudicated guilty to the offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, and to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

**SEX OFFENDER REGISTRATION**

The defendant acknowledges that he has been advised and understands that, under the federal Sex Offender Registration and Notification Act, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut, Eastern District of New York, District of Colorado, Southern District of Florida, Northern District of California, and the Eastern District of Michigan, as a result of his participation in traveling to Haiti for the purpose of engaging in illicit sexual conduct with minors in Haiti, and any subsequent illicit sexual conduct after such travel, from 2001 through and including 2008, which formed the basis of the Second Superseding Indictment and forms the basis of the Information now filed in this case. He expressly understands and agrees that this agreement does not address any other federal criminal liability he may have in Connecticut or elsewhere. Moreover, the Government will dismiss the charges against the defendant that are currently pending in the Eastern District of New York after the defendant is sentenced in Connecticut.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

Defendant further understands and agrees that his admissions in the Stipulation of Offense Conduct section are material conditions of this plea agreement. If the defendant seeks to withdraw from any of the admissions set forth in the Stipulation of Offense Conduct, the Government will deem defendant's effort to withdraw from the admissions as a material breach of this plea agreement and the Government may void all or part of this agreement, including, but not limited to, the non-prosecution provisions of this agreement.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DAVID B. FEIN
UNITED STATES ATTORNEY

Krishna R. Patel
Assistant United States Attorney

Stephen B. Reynolds
Assistant United States Attorney

Richard J. Schechter
Senior Litigation Counsel

The defendant certifies that he has read this plea agreement letter and its attachments or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

*[signature]*           8/14/10
Douglas Perlitz          Date
The Defendant

We have thoroughly read, reviewed and explained this plea agreement and its attachments to our client who advises me that he understands and accepts its terms.

*[signature]*          8/18/10
David T. Grudberg, Esq.          Date
Attorney for the Defendant

*[signature]*          8/18/10
William F. Dow, Esq.          Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT

The defendant Douglas Perlitz and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the Information.

I am a United States citizen and have been since birth. On or about June 6, 2005, I traveled from Queens, New York to Haiti for the purpose of engaging in illicit sexual conduct, and did engage in illicit sexual conduct with P.G., as that term is defined in 18 U.S.C. § 2423(f).

I have reviewed the definition of illicit sexual conduct contained in 18 U.S.C. § 2423(f) and its cross-reference, 18 U.S.C. § 2246, with my attorneys and I acknowledge that from 2001 until 2008, I traveled from the United States to Haiti on various occasions with the purpose of engaging in illicit sexual conduct and did engage in illicit sexual conduct as set forth in the statute and its cross-reference, 18 U.S.C. § 2246, with the following additional minor victims: D.M., D.C., F.J.C., R.P., N.S., M.M., and H.D. I have reviewed the list of the minor victims' full names that is to be submitted to the Court to be filed under seal and that list corresponds to the initials set forth above.

The written stipulation above is incorporated into the preceding plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____
Douglas Perlitz
The Defendant

_____
Krishna R. Patel
Assistant United States Attorney

_____
David T. Grudberg, Esq.
Attorney for the Defendant

_____
Stephen B. Reynolds
Assistant United States Attorney

_____
William F. Dow, Esq.
Attorney for the Defendant

_____
Richard J. Schechter
Senior Litigation Counsel

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

     The greater of -
     (I) the value of the property on the date of the damage, loss, or destruction; or

     (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

   A. pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B. pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C. reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. §§ 3614; 3613A. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.

## RIDER: ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in mental health treatment, with an emphasis on sexual offender treatment, either inpatient or out-patient, to include participation with polygraph administration, as directed by the United States Probation Office. The defendant shall pay all, or a portion of, the costs associated with mental health treatment based on his ability to pay, in an amount to be determined by the United States Probation Office;

2. The defendant shall agree that any device that he uses with Internet access, including a computer, will be equipped with monitoring software that will permit the United States Probation Office to determine whether he has been in contact with minors, either through email, chat rooms, instant messaging, or any other electronic means.[1] The defendant shall pay all, or a portion of, the costs associated with computer monitoring based on his ability to pay, in an amount to be determined by the United States Probation Office;

3. The defendant shall consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the United States Probation Office, of any computer-related restrictions that are imposed;

4. The defendant shall have no unsupervised contact with any child under 18 years of age without the express permission of the United States Probation Office and treatment provider. On release, the United States Probation Office will determine whether the defendant may have unsupervised contact with his own children;

5. The defendant shall permit the United States Probation Office, accompanied with either local, state, or Federal law enforcement authorities, upon reasonable suspicion,[2] to conduct a search of the defendant's residence, automobile, and workplace for the presence of sexually explicit materials involving minors;

6. The defendant shall comply with any applicable federal, state and local sex offender registry laws and requirements;

7. The defendant shall provide the United States Probation Office with access to any requested financial records, including but not limited to, telephone bills and credit card statements;

---

[1] Narrowly tailored to conform to United States v. Lifshitz, 369 F.3d 173 (2d Cir. 2004).

[2] Id.

       8. The defendant shall not loiter around playgrounds, schools, arcades or any other places where children under the age of 18 congregate. The defendant shall not associate with or have contact with convicted sex offenders or those considered inappropriate by the United States Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, unless as part of an approved counseling group;

       9. The defendant is prohibited from holding any position of authority or guidance over children or youth groups involving individuals under the age of 18; and

       10. The defendant is prohibited from accessing or possessing sexually explicit materials involving minors.