AO245b (USDC-CT Rev. 9/07)

Page 1

UNITED STATES DISTRICT COURT
District of Connecticut

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | CASE NO. *3:09CR207 JBA* |
| | USM NO: *36435-013* |
| **DOUGLAS PERLITZ** | |
| | *KRISHNA R. PATEL* |
| | Assistant United States Attorney |
| | *DAVID T. GRUDBERG* |
| | Defendant's Attorney |

**THE DEFENDANT:** pled guilty to count one of the information, after waiving indictment.

Accordingly the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 2423(b) | TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEXUAL CONDUCT | 4/2008 | ONE |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of **235 months**. The sentence imposed is a upward departure based on aggravating circumstances.

The defendant is remanded to the custody of the United States Marshal.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of **120 months**
The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. Defendant shall participate in sex offender treatment approved by USPO, and shall abide by the policies and procedures of the program, which may include polygraph testing.

2. Defendant shall not use a computer, Internet-capable device, or similar electronic device to access child pornography, or to communicate with any individual or group promoting sexual relations with children. Defendant is prohibited from possessing or accessing sexually explicit materials involving minors.

3. The defendant shall consent to the use of computer program to monitor suspect computer use on any computer owned or controlled by the defendant. The program(s) used will be designed to identify for USPO any viewing, downloading, uploading, transmitting, or other use of any images or content of a sexual nature (Suspect Computer Use).

4. Defendant shall not associate with children under the age of 18 except in the presence of a responsible adult who is informed about the defendant's background and conviction and who has been approved by USPO.

5. Defendant shall participate in a program for substance and alcohol abuse either in-patient or out-patient approved by USPO. Defendant shall pay all, or a portion of the costs associated with such treatment, based on defendant's ability to pay as determined by USPO.

6. Defendant shall not possess a firearm or other dangerous weapons.

7. Defendant shall provide USPO with access to all requested financial information for the purpose of implementing Restitution Order.

8. Defendant shall notify any third parties of risks that may be occasioned by the defendant's criminal record or personal history and characteristic as directed by USPO who is authorized to confirm such notification.; or if inadequate may make such notification.

9. Defendant is prohibited from holding any position of authority or guidance over children or youth groups involving individuals under the age of 18.

10. Defendant shall not remain in or around playgrounds, schools, malls or arcades where children under the age of 18 congregate. Defendant shall not associate with or have contact with other convicted sex offenders, unless as part of an approved counseling group.

11. Drug testing waived.

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

**Special Assessment:**   $100.00   DUE IMMEDIATELY
**Fine:**                 WAIVED
**Restitution:**          RESTITUTION ORDER TO BE EXTENDED UNDER 18 U.S.G. §3664 (d)(5) AFTER A HEARING ON 3/7/11

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

**JUDICIAL RECOMMENDATION TO THE BUREAU OF PRISONS**

The Court recommends that the defendant be designated to FMC Devens, for family visitation and participation in the sex offender rehabilitation program.

**DECEMBER 21, 2010**
Date of Imposition of Sentence

_____/s/_____
Janet Bond Arterton
United States District Judge
Date: December 23, 2010

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____

                                          Joseph P. Faughnan
                                        United States Marshal

By _____
                                Deputy Marshal

***CERTIFIED AS A TRUE COPY***
***ON THIS DATE* _____**
***ROBERTA D. TABORA, Clerk***
***BY:* _____**
     ***Deputy Clerk***

# CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

■ (1) The defendant shall not commit another federal, state or local offense;

■ (2) The defendant shall not unlawfully possess a controlled substance;

☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;

☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;

☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;

■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

■ (7) (A) In a state in which the requirements of the Sex Offender Registration and Notification Act (see 42 U.S.C. §§ 16911 and 16913) do not apply, a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) (Pub. L. 105-119, § 115(a)(8), Nov. 26, 1997) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student; or

(B) In a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (i) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;

■ (8) The defendant shall cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;

(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment,</u> (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**


**(Signed)** _____     _____
           **Defendant**                                               **Date**


_____     _____
**U.S. Probation Officer/Designated Witness**    **Date**